**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:17-CV-3242-S-BH** |
| | ) | |
| **DANIEL D. DURFEY and** | ) | |
| **BARBARA A. DURFEY** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Order Referring Motion* filed on April 26, 2018 (doc. 14), before the Court for recommendation is the *United States' Motion for Default Judgment Against Daniel D. Durfey*, filed January 30, 2018 (doc. 12). Based upon the relevant filings and applicable law, the motion should be **GRANTED.**

**I. BACKGROUND**

On November 29, 2017, the United States of America (United States) filed this civil action seeking to reduce Daniel D. Durfey's (Defendant's) unpaid federal income tax liabilities to judgment, and to foreclose upon its federal tax liens against real property he and his former wife, Barbara A. Durfey (Ex-Wife), own in Ellis County, Texas (Property). (doc. 1 at 1.)[1]

The United States alleges that Defendant failed to pay his income tax liability for the 2006 and 2007 tax periods, and that he owes $6,887.76 for the 2006 tax period, and $26,279.43 for the 2007 tax period, for a total of $33,167.19 as of October 23, 2017. (*Id*. at 4.) After Defendant failed to respond to notices and demands for payment, the United States recorded a Notice of Federal Tax Lien in Ellis County against the Property for his unpaid 2006 tax liability on June 30, 2009, and it filed a second

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Notice of Federal Tax Lien against the Property for the unpaid 2007 tax liability on July 18, 2014. (*Id.*)

The legal description of the Property is set out in three different warranty deeds for three adjacent tracts of land that have been aggregated, and which total 1.417 acres. (docs. 1 at 3, 12-1 at 23-32.) The first warranty deed was executed on December 21, 1982, and recorded in Ellis County, Texas, on January 3, 1983, for the following real property:

> Being a 0.810 acre tract of land situated in the M. L. Swing Survey, Abstract No. 1047, Ellis County, Texas and being more particularly described by metes and bounds found in Volume 682, Page 906, Deed Records of Ellis County, Texas. (doc. 1 at 3.)

The second warranty deed was executed on May 31, 1984, and recorded in Ellis County, Texas, on June 5, 1984, for the following real property:

> Being a 0.152 acre tract of land situated in the M. L. Swing Survey, Abstract No. 1047, Ellis County, Texas and being more particularly described by metes and bounds found in Volume 706, Page 536, Deed Records of Ellis County, Texas. (*Id.*)

The third warranty deed was executed on July 11, 1991, and was recorded in Ellis County, Texas, on July 15, 1991, for the following real property:

> Being a 0.4568 acre tract of land situated in the M. L. Swing Survey, Abstract No. 1047, Ellis County, Texas and being more particularly described by metes and bounds found in Volume 866, Page 93, Document 9734, Deed Records of Ellis County, Texas. (*Id.*)

The United States alleges that there are no encumbrances other than the federal tax liens on the Property at this time. (*See id.*)

The United States sues under 26 U.S.C. §§ 7401-03 for judgment on Defendant's unpaid tax liability and enforcement of its federal tax liens, as well a surcharge of 10% of the amount of the debt "in order to cover the cost of processing and handling the litigation and enforcement . . . of the claim for such debt," as authorized under the Federal Debt Collection Procedures Act (FDCPA). (doc. 1 at 4-5.) It filed proof of service on December 14, 2017, which reflected that Defendant was personally

2

served with process on December 5, 2017. (doc. 8.) He failed to answer or respond to the complaint, and the United States sought entry of default, which the Clerk of Court entered on January 18, 2018. (docs. 10, 11.) Ex-Wife was also served and failed to respond, but she "has been in contact with [the United States] and has indicated her cooperation and willingness to enter into an agreed judgment." (docs. 9; 12 at 2.) The United States "intends to draft and file an agreed judgment with [Ex-Wife] shortly after the default judgment against [Defendant] is entered." (Doc. 12 at 2.)

On January 30, 2018, the United States filed a motion for default judgment against Defendant. (*Id*.) He has failed to respond, and the motion is now ripe for recommendation.

## II. DEFAULT JUDGMENT

The United States moves for default judgment under Rule 55 of the Federal Rules of Civil Procedure. (doc. 12.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id*.; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Defendant has failed to plead or otherwise defend, and the United States has obtained an entry of default on him, the first two requisites for a default judgment have been met. (docs. 8, 11.) Remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by

3

courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id*. (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam). The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004).

## A.    <u>Entitlement to Judgment</u>

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id*.; *see also Stelax Indus., Ltd.*, 2004 WL 733844, at *11(citing 10A WRIGHT, MILLER, KANE & MARCUS,

FEDERAL PRACTICE AND PROCEDURE § 2685).

The United States seeks a judgment for Defendant's outstanding tax liabilities for the 2006 and 2007 tax periods, as well as a surcharge of 10% of the amount of the debt as authorized under the FDCPA. (doc. 1 at 1-2.) It also seeks an order that its two federal tax liens can be foreclosed on the Property to pay Defendant's unpaid tax liabilities. (*Id*. at 6.) To its motion for default judgment, the United States attaches certified copies of IRS Form 4340: Certificates of Assessments and Payments showing that Defendant owes a total of $33,167.19 in federal income taxes, interest, and penalties for the 2006 and 2007 tax periods, as of October 23, 2017. (doc. 12-1 at 9-20.) It also attaches copies of the two Notices of Federal Tax Liens on the Property filed in Ellis County, Texas, as well as copies of the three warranty deeds showing his interest in the Property. (*Id*. at 21-32.)

Here, the factors favor granting default judgment against Defendant. Under the first two factors, the amount of the judgment sought is properly calculated, and there is a public interest in collecting outstanding federal income tax liability. *See United States v. Sibley*, No. 13-266, 2013 WL 5673577, at *2 (E.D. La. Oct. 15, 2013) (granting motion for default judgment for unpaid income tax liability over five tax periods in the amount of $2,761,170.41). Though Defendant's default appears to be technical in nature (third factor), under the fourth factor, the United States is prejudiced and harmed by his continued delay and refusal to pay tax liability from over ten years ago. *See U.S. v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts as Defendant has received ample notice of his tax liability and time to respond in this action. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893

(5th Cir. 1998). The seventh, eighth, and ninth factors similarly favor default judgment because Defendant has not offered any evidence that his failure to answer was the product of a good faith mistake or excuse, the United States has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default.

No material issues of fact have been placed in dispute due to Defendant's failure to respond to the complaint.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact").  Because Defendant was properly served with the complaint and failed to answer or otherwise defend in this action, the grounds for default judgment are clearly established. (docs. 8, 10, 11.) Accordingly, the procedural prerequisites for a default judgment are satisfied.

**B.**    <u>**Entitlement to Relief**</u>

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The relief requested in a plaintiff's complaint limits the relief available in a default judgment. *See Sapp v. Renfroe*, 511 F.2d 172, 176 n.3 (5th Cir. 1975). In both its complaint and motion for default judgment, the United States seeks a judgment permitting it to foreclose on its federal tax liens against the Property in order to satisfy Defendant's unpaid income tax debt for the 2006 and 2007 tax periods, as well as a surcharge of 10% of the amount of the debt if it "must resort to a forced sale through the Internal Revenue Service Property Appraisal & Liquidation Specialist (PALS) office, because of [Defendant's] lack of cooperation" as authorized by the FDCPA.[2] (docs. 1 at 4-5, 12 at 4-5.) Because the requested relief does not differ in kind from, or

---

[2] In its complaint, the United States also seeks "prejudgment and post judgment interest on [Defendant's unpaid income tax liability] at the rates set forth in 26 U.S.C. §§ 6601 and 6621 until paid." (doc. 1 at 6.) It, however, does not specifically seek this interest in its motion for default judgment, and it is not identified in its proposed judgment. (*See* docs. 12, 12-2.)

6

exceed in amount, what is demanded in the pleadings, the only remaining issue is whether the relief requested is appropriate based on the governing law. *Chevron Intellectual Property, LLC v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *3 (N.D. Tex. Aug. 24, 2009).

      *1.*      ***Tax Lien***

      The United States first requests a judgment against Defendant for federal income taxes, penalties, and accrued interest for tax years 2006 and 2007 in the amount of $33,167.19, and an order that it is entitled to foreclose upon its federal tax liens against the Property as a means to collect the unpaid tax liability. (doc. 12 at 4-5.)

      The Internal Revenue Code provides that once a person who owes taxes to the United States refuses a demand for such taxes, the United States shall have a lien in its favor upon all property and rights to property, real or personal, belonging to that person. *See* 26 U.S.C. § 6321. Liens under § 6321 arise on the date that the IRS assesses unpaid taxes, applies to currently owned and after-acquired property, and continues until the taxpayer satisfies the debt. *See Texas Commerce Bank–Fort Worth, N.A. v. United States*, 896 F.2d 152, 161 (5th Cir. 1990). The United States may perfect its interest in real property encumbered by a tax lien by filing notice of a federal tax lien in the real property records of the county where the property is located. *See* 26 U.S.C. § 6323(f)(1)(A)(i), (2)(A). The United States may bring suit in district court to enforce its lien against "any property, of whatever nature," belonging to the delinquent taxpayer. 26 U.S.C. § 7403(a). It may further enforce its tax lien through a foreclosure sale. *Id.* A district court may order sale of a property of a delinquent taxpayer, regardless of state homestead exemptions. *United States v. Rodgers*, 461 U.S. 677, 694 (1982) (interpreting 26 U.S.C. § 7403).

---

Though damages on a default judgment are normally not awarded without a hearing or a demonstration by detailed affidavits, a hearing is unnecessary if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *Future World Elecs., LLC*, 2013 WL 5925089, at *3 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Because the United States provides certified copies of Defendant's IRS Form 4340: Certificates of Assessments and Payments and the two Notices of Federal Tax Liens, a hearing is unnecessary because the amount of unpaid tax liability can be determined with mathematical calculation as $33,167.19 in unpaid federal income taxes, interest, and penalties for the 2006 and 2007 tax periods, as of October 23, 2017. (doc. 12-1 at 9-32.) IRS Form 4340 is "presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption." *United States v. Cobos*, No. 3:13-CV-4924-L, 2017 WL 4422403, at *2 (N.D. Tex. Oct. 5, 2017) (citing *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992)); *see also United States v. Key*, 308 F. Supp. 2d 727, 729-30 (N.D. Tex. 2004). The United States is entitled to a judgment and order authorizing it to foreclose upon its federal tax liens against the Property to collect Defendant's unpaid income tax debt for the 2006 and 2007 tax periods. *See United States v. Mealer*, No. 3:11-CV-02983-M, 2017 WL 3648446, at *1 (N.D. Tex. June 15, 2017) (ordering the foreclosure of a tax lien through public sale of property for unpaid income tax debt).

## 2.    *Federal Debt Collection Procedures Act*

The United States also asks that the judgment include a 10% surcharge of the amount of the debt if it "must resort to a forced sale . . . because of [Defendant's] lack of cooperation." (docs. 1 at 5, 12 at 5.)

8

Under the FDCPA, the United States "is entitled to recover a surcharge of 10 percent of the amount of the debt in connection with the recovery of the debt" in an action or proceeding for pre-judgment or post-judgment relief as a means "to cover the cost of processing and handling the litigation and enforcement" of the claim for that debt. 28 U.S.C. § 3011(a). This surcharge cannot be recovered if the United States either receives an attorney's fee in connection with the enforcement of the claim, or if "the law pursuant to which the action on the claim is based provides any other amount to cover such costs." *Id.* at § 3011(b).

Here, the United States seeks to recover a 10% surcharge only if it "must resort to a forced sale" due to Defendant's "lack of cooperation." (doc. 12 at 5.) Because it does not seek or receive any attorney's fees, and there is no law applicable to this claim that provides for any other amount to cover such costs, the United States is entitled to a 10% surcharge on the amount of the debt if it must avail itself of a forced sale of the Property.

### III.    RECOMMENDATION

The United States' motion for default judgment should be **GRANTED**, and the Court should find the following and enter judgment accordingly:

(1) Defendant owes the United States $33,167.19 in federal income taxes, penalties, and accrued interest for the tax years 2006 and 2007, as of October 23, 2017;

(2) The United States has valid federal tax liens for Defendant's income taxes, that encumber the Property and Defendant's interest in the Property;

(3) The United States is entitled to foreclose its federal tax lien against Defendant's interest in the Property; and

(4) The United States is entitled to seek recovery of the 10% surcharge under 28 U.S.C. § 3011 in the event it must resort to a forced sale due to Defendant's lack of cooperation.

**SO RECOMMENDED** on this 21st day of May, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE